1  Chris Springer
2  801 Garden Street, Suite 301
   Santa Barbara, CA 93101
3  (805) 456-1496; Fax: (805)456-1497
   Email: cspringer@kellerrohrback.com
4  **Attorney for Plaintiffs**

5  Additional Counsel listed on signature page

6

7

8                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
9                        OAKLAND DIVISION

10

11  TATIANA BRODISKI and STEVEN BURDA,      Case No.
    Individually and on Behalf of All Others Similarly
12  Situated,                                **CLASS ACTION COMPLAINT**

13               Plaintiffs,                 **DEMAND FOR JURY TRIAL**

14         v.

15  TIKTOK INC.; TIKTOK U.S. DATA SECURITY
    INC.; and BYTEDANCE INC.
16
                 Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. JURISDICTION AND VENUE ...................................................................................... 1

III. PARTIES .......................................................................................................................... 2

    A. Plaintiffs ................................................................................................................ 2

    B. TikTok Defendants ................................................................................................ 2

IV. FACTUAL ALLEGATIONS .......................................................................................... 2

    A. COPPA prohibits collecting data from children under 13 where an online service operator does not notify parents and receive parental consent. ............................. 2

    B. Flouting COPPA, TikTok and its predecessor entity collected minors' Personal Information without parental notice or consent, resulting in a permanent injunction. ............................................................................................................... 4

    C. Violating the permanent injunction, TikTok continues to collect and use children's Personal Information without parental notice or consent. ..................... 5

    D. TikTok Generates Revenue from its Unlawful Conduct ....................................... 8

    E. Plaintiffs' Allegations ............................................................................................ 9

    F. Class Allegations ................................................................................................. 10

V. CAUSES OF ACTION .................................................................................................. 12

    **COUNT ONE — UNJUST ENRICHMENT** ............................................................. 12

    **COUNT TWO — INVASION OF PRIVACY** .......................................................... 13

VI. DEMAND FOR A JURY TRIAL ................................................................................ 14

VII. PRAYER FOR RELIEF .............................................................................................. 14

## I.   INTRODUCTION

1. Defendants operate TikTok, one of the largest social media platforms. TikTok routinely collects, stores, and processes data from its users, including millions of American children under the age of 13.

2. Defendants have knowingly collected data from children under 13 for years. Defendants know that children under 13 create and use TikTok accounts despite TikTok's terms of service requiring users to be at least 13 years of age. Turning a blind eye to TikTok's age requirement, Defendants have collected extensive data from children under 13 and have failed to comply with parents' requests to delete their children's accounts and personal information.

3. Defendants' conduct in knowingly collecting data from children under 13 without parental consent violates the Children's Online Privacy Protection Act of 1998 ("COPPA") and Children's Online Privacy Protection Rule ("COPPA RULE").

4. To stamp out TikTok's misconduct and protect the privacy of millions of American children, Plaintiffs Tatiana Brodiski and Steven Burda bring this lawsuit seeking injunctive relief, civil penalties, damages, and other relief as deemed appropriate by this Court.

## II.   JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, and Plaintiffs and Defendants are residents and citizens of different states.

6. The Court has personal jurisdiction over Defendants because they do business in the District of California and have sufficient minimum contacts with the District. Defendants intentionally avail themselves of the markets in this State through the promotion, marketing, and operations of their platforms at issue in this lawsuit in California, and by retaining the profits and proceeds from these activities, to render the exercise of jurisdiction by this Court permissible under California law and the United States Constitution.

7. Venue is proper in the District of California pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District and Defendants are subject to the Court's personal jurisdiction with respect to this

COMPLAINT                                                                   1

action.

### III. PARTIES

**A.  Plaintiffs**

8. Plaintiff Tatiana Brodiski is the mother of J.B. (age 13), a minor who used the TikTok mobile application. Plaintiff Brodiski is a citizen of the state of Washington. At all relevant times, Plaintiff Brodiski has been a resident of Renton, Washington.

9. Plaintiff Steven Burda is the father of Z.B. (age 9), I.B. (age 9), and C.B. (age 11), all minors who used the TikTok mobile application. Plaintiff Burda is a citizen of the state of Pennsylvania. At all relevant times, Plaintiff Burda has been a resident of Audubon, Pennsylvania.

**B.  TikTok Defendants**

10. Defendant TikTok Inc. ("TikTok") is incorporated in California and its principal place of business is in Culver City, California. TikTok designs, develops, owns, markets, and operates the TikTok social media platform, an application that is widely marketed by TikTok and available to youth throughout the United States. TikTok is known as a video-sharing application, where users can create, share, and view short video clips. TikTok has a valuation of at least $50 billion. TikTok made nearly $4 billion in revenue in 2021 and an estimated $10-12 billion in 2022.

11. Defendant TikTok U.S. Data Security Inc. ("TikTok USDS") is a Delaware corporation with its principal place of business shared with TikTok Inc.

12. Defendant ByteDance Inc. ("ByteDance") is incorporated in Delaware and its principal place of business is in Mountain View, California. ByteDance designs, owns, develops, markets, and/or operates TikTok, and designs, owns, develops, markets, and/or operates the TikTok social media platform.

### IV. FACTUAL ALLEGATIONS

**A.  COPPA prohibits collecting data from children under 13 where an online service operator does not notify parents and receive parental consent.**

13. The COPPA Rule sets requirements for any "operator of a Web site or online service directed to children, or any operator that has actual knowledge that is collecting or maintaining Personal Information from a child [under the age of 13]." Section 312.3 of COPPA Rule, 16 C.F.R.

§312.3

14. The COPPA Rule applies to TikTok. TikTok is directed to children, and Defendants have actual knowledge that TikTok collects Personal Information from children.

15. COPPA imposes two requirements before an online service operator can collect Personal Information from children under 13.

16. First, an online service operator like TikTok must provide direct notice to parents, informing them of "what information it collects from children, how it uses such information and its disclosure practices for such information." 16 C.F.R. §§ 312.3(a), 312.4.

17. Second, TikTok must "[o]btain verifiable parental consent prior to any collection, use, and/or disclosure of Personal Information from children." 16 C.F.R. §§ 312.3(b); 312.5.

18. Personal Information under the COPPA rule is individually identifiable information about an individual collected online, including:

- A first and last name;
- A home or other physical address including street name and name of a city or town;
- Online contact information as defined in this section;
- A screen or user name where it functions in the same manner as online contact information, as defined in this section;
- A telephone number;
- A Social Security number;
- A persistent identifier that can be used to recognize a user over time and across different Web sites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;
- A photograph, video, or audio file where such file contains a child's image or voice;
- Geolocation information sufficient to identify street name and name of a city or town; or
- Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition."

16 C.F.R. § 312.2.

19. The COPPA Rule defines "Child" as "an individual under the age of 13." 16 C.F.R. §312.2.

**B. Flouting COPPA, TikTok and its predecessor entity collected minors' Personal Information without parental notice or consent, resulting in a permanent injunction.**

20. TikTok's predecessor, Musical.ly, launched in 2014. Musical.ly was a social media platform where users could create and share lip-sync videos.

21. In 2016, the New York Times reported that many Musical.ly users appeared to be younger than 13 years old.[1] Through the New York Times' reporting, an advertising agency CEO said that Musical.ly users were kids in "first, second, third grade."[2]

22. On November 9, 2017, ByteDance Ltd. purchased Musical.ly for nearly $1 billion. This gave ByteDance access to the thousands of under 13-year-old users on Musical.ly. A year later, TikTok merged with Musical.ly and consolidated the accounts and data for both applications down into one.

23. Within two years of the TikTok and Musical.ly merger, Musical.ly Inc caught the attention of the U.S. Department of Justice (the "DOJ"). In February 2019, the DOJ filed a complaint against Musical.ly and Musical.ly, Inc., alleging Musical.ly violated the COPPA Rule by collecting and using Personal Information from children younger than 13 without parental notice or consent.

24. In March 2019, TikTok settled those claims by agreeing to pay what was then the largest civil penalty under COPPA and to several forms of injunctive relief, including permanent injunctive relief.[3]

25. As part of the permanent injunction, TikTok's predecessor entities were enjoined from violating the COPPA Rule. In part, TikTok's predecessors were barred from (1) "failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives

---

[1] Josh Herman, *Who's Too Young for an App? Musical.ly Tests the Limits*, New York Times (Sept. 16, 2016), https://www.nytimes.com/2016/09/17/business/media/a-social-network-frequented-by-children-tests-the-limits-of-online-regulation.
[2] *Id.*
[3] Lesley Fair, *Largest FTC COPPA settlement requires Musical.ly to change its tune*, FTC (Feb. 27, 2019), https://www.ftc.gov/business-guidance/blog/2019/02/largest-ftc-coppa-settlement-requires-musically-change-its-tune.

COMPLAINT 4

direct notice of Defendants' practices with regard to the collection, use, or disclosure of Personal Information from children" and (2) "failing to obtain verifiable parental consent before any collection, use, or disclosure of Personal Information from children." 2019 Permanent Injunction at 8.

26. In attempting to comply with the consent decree and COPPA, TikTok made available to users under 13 what it describes as a "limited, separate app experience."[4] The child version of TikTok restricts users from posting videos through the app. Children can still, however, record and watch videos on TikTok.[5] For that reason, experts fear the app is "designed to fuel [kids'] interest in the grown-up version."[6]

27. In 2019, after the injunction, Musical.ly was renamed TikTok Ltd and Musical.ly Inc was renamed TikTok Inc. Thereafter, the 2019 Permanent Injunctions' obligations applied to TikTok.

28. But despite the 2019 Permanent Injunction and the COPPA Rule, TikTok continues to collect and Personal Information from children under 13 without parental notice or consent.

C. **Violating the permanent injunction, TikTok continues to collect and use children's Personal Information without parental notice or consent.**

29. When a user creates a TikTok account, TikTok requires the user to input their birthday by day, month, and year.

30. The purpose of this "age gate" is to direct the user to the version and features of TikTok that are purportedly appropriate for their age.

31. Since at least March 2019, if a user enters a birthday that indicates they are 13 or older, then they are provided with a regular TikTok account.

32. On the other hand, if a user enters a birthday that indicates that they are younger than 13 years old, then they are provided with a "TikTok For Younger Users" or "Kids Mode" account. A Child with a Kids Mode account can view videos but cannot post videos.

33. TikTok does not notify parents or obtain parental consent when a Child creates a Kids

---

[4] Dami Lee, *TikTok stops young users from uploading videos after FTC settlement*, Verge (Feb. 27, 2019), https://www.theverge.com/2019/2/27/18243510/tiktok-age-young-user-videos-ftc-settlement-13-childrens-privacy-law.

[5] *Id.*

[6] Leonard Sax, *Is TikTok Dangerous for Teens?*, Inst. Fam. Stud. (Mar. 29, 2022), https://ifstudies.org/blog/is-tiktok-dangerous-for-teens-.

COMPLAINT                        5

Mode account. TikTok does not use any method to verify that users who acknowledge they are under 13 have the consent of their parents or legal guardians to use the platform.

34. TikTok's "age gate" is insufficient. TikTok fails to verify a user's age when the user signs up for and creates an account. In other words, TikTok does not take any steps to ensure that the birthday a user inputs is their actual date of birth.

35. TikTok and its employees have long known that children (including children under 13) misrepresent their age to bypass TikTok's age gate.

36. TikTok and its employees also know that despite other purported efforts to remove children under 13 from the main TikTok platform, child users are ubiquitous.

37. In December 2016, one of TikTok's founders, Alex Zhu, confirmed the company had actual knowledge that "a lot of users, especially top users, they are under 13."[7]

38. TikTok's internal data confirms the young age of many of its users. TikTok's records classified 18 million of its 49 million daily users in the U.S. in 2020 as 14 years or younger.[8]

39. A former TikTok employee said other TikTok employees had flagged videos from children who appeared to be younger than 13 who were allowed to remain on the main TikTok platform for weeks.[9]

40. The existence of under 13 users on the main TikTok platform is also known to TikTok's human moderators who review flagged accounts that may belong to children. In January 2020, a TikTok moderator recognized that Defendants maintain accounts of children despite the "fact that we know the user is U13," i.e., under the age of 13, so long as the child user's profile does not explicitly reference their age being under 13.

41. Another TikTok employee admitted that moderators were required to ignore "external information" that a user under review is a child under 13.

---

[7] Jon Russell, *Musical.ly defends its handling of young users, as it races past 40M MAUs*, TechCrunch (Dec. 6, 2016), https://techcrunch.com/2016/12/06/musically-techcrunch-disrupt-london/; *see also* TechCrunch, *From Brush to Canvas with Alex Zhu of Musical.ly* at 8:58–11:12, YouTube (Dec. 6, 2016), https://www.youtube.com/watch?v=ey15v81pwII.
[8] Raymond Zhong & Sheeta Frenkel, *A Third of TikTok's U.S. Users May be 14 or Under, Raising Safety Questions*, New York Times (Aug. 14, 2020), https://www.nytimes.com/2020/08/14/technology/tiktok-underage-users-ftc.html.
[9] *Id.*

42. To try and identify a user's age solely based on their TikTok profile, TikTok uses an algorithm to predict the user's age based on their behavior on TikTok. But TikTok refuses to use its age-prediction algorithm to identify children under 13 and stop them from using regular TikTok accounts.

43. In some instances, TikTok allowed users on the main platform without ever requiring the user to input their birthday. From March 2019 to at least May 2022, TikTok allowed users to avoid TikTok's age gate when creating an account by allowing users to use login credentials from third-party online services like Instagram and Google. As such, children under 13 were allowed to create TikTok accounts without entering their birthday if they used login credentials from Google. In turn, Google allowed children under the age of 13 to create Google accounts without parental consent to use Google.

44. TikTok's insufficient age verification practices have led millions of children under 13 to gain access to regular TikTok accounts.

45. For children with regular TikTok accounts, TikTok collects Personal Information about them including:

- First and last name;
- Age;
- Email address;
- Phone number;
- Persistent identifiers for the device(s) used to access TikTok;
- Social media account information and profile images;
- Photographs, videos, and audio files containing the user's image and voice, and the metadata associated with such media;
- Usage information;
- Device information;
- Location data;
- Image and audio information; and
- Data from cookies and similar technologies that track users online activity across

different websites and platforms.

46. TikTok gathers this information without parental notice or consent.

47. For children with Kids Mode accounts, TikTok still collects Personal Information about them including persistent identifiers like IP address unique device identifiers. TikTok also collects app activity data, device information, mobile carrier information, and app information from children using Kids Mode accounts, which it combines with persistent identifies and uses to amass profiles on children.

48. Likewise, TikTok gathers this information without parental notice or consent.

49. Regardless of whether a child uses a regular TikTok account or a Kids Mode account, TikTok violates the COPPA Rule by collecting and using a child's Personal Information without parental notice and consent.

50. Additionally, ByteDance allows users to use TikTok without creating an account. TikTok allows users, no matter their age to "browse as [a] guest." It also allows users to watch TikTok's "For You" page. TikTok does not impose age restrictions on who can use TikTok without creating an account by browsing as a guest or watching the For You page. TikTok knows that children under 13 access TikTok in these ways. While users (including children under 13) watch the "For You" page, TikTok's algorithm collects data about that user and their viewing behavior.[10]

51. In August 2024, the DOJ filed another complaint alleging that TikTok violated COPPA and the COPPA Rule by (1) knowingly creating and maintaining accounts for children and collecting data from those children without first notifying their parents and obtaining verifiable parental consent; (2) failing to honor parents' requests to delete their children's accounts and information; and (3) failing to delete the accounts and information of users it knows are children.

**D.     TikTok Generates Revenue from its Unlawful Conduct**

52. TikTok earns a substantial amount of its revenue from advertising.

53. Specifically, TikTok sells advertising space to businesses to market their products and services to TikTok users.

---

[10] *Browse as guest*, TikTok Inc., https://support.tiktok.com/en/log-in-troubleshoot/log-in/browse-as-guest.

54. As of January 2024, TikTok reported having nearly 170 million monthly active users in the United States.

55. In 2023, TikTok reported earning $16 billion in revenue in the United States. On information and belief, the vast majority of this revenue derives from its advertising business.

56. TikTok uses the Personal Information collected from children (under 13) to target them with advertising.

57. TikTok targets users with specific advertisements by collecting persistent identifiers about the users and combining those identifiers with other information about the users. This information is comprised of data TikTok collects from its platform including videos viewed, videos "liked," accounts followed, content viewed, content created, along with device and account settings and device type.

58. By utilizing Personal Information to provide targeted advertisements to children, TikTok's advertising practices violate COPPA. In turn, a substantial portion of TikTok's advertising revenue is a direct and proximate result of TikTok's COPPA violations.

E.   **Plaintiffs' Allegations**

59. Plaintiff Burda is the father of three minor child, Z.B (9), I.B. (9), and C.B. (11).

60. During the Class Period, Z.B., I.B., and C.B. created and used TikTok accounts while under the age of 13 and viewed content on the TikTok platform.

61. Z.B. and I.B. created their respective TikTok accounts at approximately 6 years old.

62. C.B. created a TikTok account at approximately 8 years old.

63. During the Class Period, Defendants collected Z.B., I.B, and C.B.'s Personal Information for the purpose of tracking their activity and utilizing targeted advertisements.

64. Defendants never obtained consent from nor notified Z.B., I.B., and C.B,'s parent and legal guardian, Plaintiff Burda, at any point prior to or during its collection and use of Z.B., I.B., and C.B.'s Personal Information.

65. Plaintiff Brodiski is the mother of J.B. (13).

66. During the Class Period, J.B. created and used TikTok accounts and viewed content on the TikTok platform, in part while under the age of 13.

67. J.B. created a TikTok account at approximately 12 years old.

68. During the Class Period, Defendants collected J.B.'s Personal Information for the purpose of tracking their activity and utilizing targeted advertisements.

69. Defendants never obtained consent from nor notified J.B.'s parent and legal guardian, Plaintiff Brodiski, at any point prior to or during its collection and use of J.B.'s Personal Information.

70. Defendants were bound by the 2019 Permanent Injunction that prohibited Defendants from collecting Personal Information from children under the age of 13, and therefore this conduct could not have reasonably been discovered earlier through investigation.

### F. Class Allegations

71. Plaintiffs bring this nationwide class action individually and on behalf of all similarly situated individuals under Rule 23(b)(2), 23(b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

72. The Class that Plaintiffs seek to represent is defined as follows:

**Nationwide Class**

> All United States residents who were younger than 13 years old when they created and maintained a TikTok account from whom Defendants collected and/or used Personal Information during the Class Period without notifying a parent and obtaining verifiable parental consent beforehand (the "Class").

73. The Class Period is from March 1, 2019 through the present ("Class Period").

74. Excluded from the Class are the following individuals and entities: Defendants, Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity that Defendant has a controlling interest in; any judge assigned to this litigation and their immediate family members.

75. Plaintiffs reserve the right to amend the definitions of the Class or add Classes or Subclasses.

76. **Numerosity.** The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiffs at this time and such number is in Defendants' exclusive possession, upon information and belief, the Class consists of hundreds of thousands to millions of individuals.

77. **Commonality.** Common questions of law and fact exist as to all members of the Class

and predominate over questions affecting only individual members of the Class. The questions of law and fact common the Class include the following:

    A.    Whether TikTok collected and continues to collect Personal Information from users who were younger than 13 years old when they created and maintained a TikTok account without notifying the parents and obtaining verifiable parental consent beforehand;

    B.    Whether TikTok collected and continues to collect Personal Information from users who were younger than 13 years old who viewed TikTok content without signing up for an account, such as through browsing as a guest or watching the For You Page;

    C.    Whether TikTok used or uses Personal Information from users younger than 13 without notifying their parents and obtaining verifiable parental consent beforehand;

    D.    Whether TikTok and its employees know its age gating systems are deficient and allow children under 13 to create and maintain "regular" TikTok accounts;

    E.    Whether TikTok and its employees know that children under the age of 13 are on the TikTok platform;

    F.    Whether TikTok earned advertising revenue from collecting and selling Personal Information of children under 13 to advertisers;

    G.    Whether TikTok's practices violate COPPA and the COPPA Rule;

    H.    Whether TikTok engaged in unlawful business practices;

    I.    Whether TikTok engaged in unfair business practices;

    J.    Whether TikTok has unjustly received and retained monetary benefits from Plaintiffs' minor children and Class Members by profiting from the use of their Personal Information; and

    K.    Whether the Class Members are entitled to damages and/or restitution, and if so, the method of computing damages and/or restitution.

78.    Plaintiffs' claims are typical of those of the other members of the Class because Plaintiffs' minor children, like every other Class Member, were exposed to TikTok's uniform conduct and now suffer from the same violations of law as all other members of the Class.

79.    **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of the

Class Members. Plaintiffs do not have any conflicts of interest that are antagonistic to other Class Members. Further, Plaintiffs have retained counsel experienced in complex class actions and data breach litigation. Both Plaintiffs and Plaintiffs' counsel intend to prosecute this action vigorously.

80. **Superiority and Manageability.** The class litigation is an appropriate method for fair and efficient adjudication of the Class's claims. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will allow a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence that thousands of individual actions would require. Moreover, class treatment promotes judicial economy and eliminates needless burden on the courts.

81. The litigation of the claims brought in this case is manageable. Defendants' uniform conduct, the violation of the same relevant laws, and the ascertainable identifies of Class Members based on Defendants' data demonstrates there would be no significant manageability problems with prosecuting this lawsuit as a class action.

82. Adequate notice can be given to Class Members directly using information maintained in Defendants' records and/or by communicating directly to Class Members via the TikTok app.

83. Unless a Class-wide injunction is issued, Defendants may continue to act unlawfully as described above.

84. Further, Defendants have acted on grounds that apply to the Class as a whole, meaning class certification, injunctive relief, and declaratory relief are appropriate on a class-wide basis.

## V.   CAUSES OF ACTION

### COUNT ONE — UNJUST ENRICHMENT

85. Plaintiffs incorporate by reference all preceding paragraphs.

86. By obtaining and reselling Plaintiffs' and Class Members' Personal Information, Defendants received a monetary benefit. Defendants knew that they could sell or use the Personal Information for financial gain and retain the benefit.

87. Defendants have unjustly received and retained monetary benefits from Plaintiffs and Class Members—minor children—by profiting off the use of their Personal Information under unjust

circumstances such that inequity has occurred.

88. Defendants have knowingly obtained benefits from Plaintiffs and Class Members such that it would be inequitable and unjust for Defendants to retain such benefits.

89. Defendants have knowingly enriched themselves by keeping revenues and profits it received from unjustly and illegally collecting, using, and profiting from the Personal Information of children under the age of 13 through their practice of building profiles and selling targeted advertisements.

90. Defendants failed to obtain consent from Plaintiffs, Class Members, or their parents and guardians to collect and use these minor children's Personal Information.

91. Defendants will be unjustly enriched if they are permitted to retain the benefits derived from the illegal collection and use of Plaintiffs' and Class Members' Personal Information.

92. Plaintiffs and Class Members have no adequate remedy at law.

93. Plaintiffs and Class Members are therefore entitled to relief, including disgorgement of all revenues and profits that TikTok earned as a result of its unlawful and wrongful conduct.

## COUNT TWO — INVASION OF PRIVACY

94. Plaintiffs incorporate by reference all preceding paragraphs.

95. As minor children, Plaintiffs and Class Members had a legitimate expectation of privacy in their Personal Information. Plaintiffs and Class Members were entitled to their Personal Information being protected from disclosure to unauthorized third parties.

96. Defendants intentionally and unreasonably intrude upon the seclusion of minor children, Plaintiffs and Class Members, without consent from their parents or guardians.

97. Defendants collected and sold the Personal Information of millions of minor children, including Plaintiffs and Class Members, without the consent of their parents. Defendants collected and profited from Personal Information including: names, ages, profile images, passwords, email addresses, phone numbers, addresses, approximate locations, social media account information, phone and social media contacts, messages sent to and received from other TikTok users, information in the clipboard of a user's device, and payment card numbers.

98. Defendants intruded on private activities and information of minor children.

99. Defendants' intrusion was highly offensive to a reasonable person.

100. Defendants owed a duty to Plaintiffs and Class Members to keep their Personal Information confidential.

101. Defendants permitted the disclosure of Plaintiffs' and Class Members' Personal Information to unauthorized third parties.

102. The Personal Information that was collected and disclosed without Plaintiffs' and Class Members' authorization was highly sensitive, private, and confidential. The disclosure of the type of Personal Information at issue here would be highly offensive to a reasonable person of ordinary sensibilities.

103. By permitting the unauthorized collection and disclosure of Plaintiffs' and Class Members' Personal Information, Defendants acted with reckless disregard for Plaintiffs' and Class Members' privacy and with knowledge that such disclosure would be highly offensive to a reasonable person.

104. Defendants acted with such reckless disregard as to the safety of Plaintiffs' and Class Members' Personal Information to rise to the level of intentionally allowing the intrusion upon the seclusion, private affairs, or concerns of Plaintiffs and Class Members.

105. The disclosure of Plaintiffs and Class Members' Personal Information at issue was neither newsworthy nor of any service to the public interest.

106. Plaintiffs and Class Members have been damaged by the invasion of their privacy in an amount to be determined at trial.

## VI. DEMAND FOR A JURY TRIAL

107. Plaintiffs demand a trial by jury.

## VII. PRAYER FOR RELIEF

108. Plaintiffs, individually and on behalf of the Class, request the Court enter judgment as follows.

   A. Entering an Order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiffs as Class Representatives and counsel for Plaintiffs as Class Counsel;

   B. Entering an Order declaring that the conduct alleged herein violates the causes

of action referenced in this Complaint;

  C. Entering an order finding in favor of Plaintiffs and Class Members on all counts asserted;

  D. Entering an Order that Defendants are jointly and severally liable.

  E. Enjoining Defendants from engaging in further actions causing or contributing to the violations of the causes of action as described herein; and

  F. Awarding actual and compensatory damages;

  G. Awarding punitive damages;

  H. Awarding statutory damages in the maximum amount permitted by law;

  I. Awarding reasonable attorneys' fees and costs of suit;

  J. Awarding pre-judgment and post-judgment interest; and

  K. Such other and further relief as the Court deems just and proper under the circumstances.

DATED this 27th day of February, 2025.

      KELLER ROHRBACK L.L.P.

      By: /s/ Chris Springer
        Chris Springer
        801 Garden Street, Suite 301
        Santa Barbara, CA 93101
        (805) 456-1496; Fax: (805)456-1497
        Email: cspringer@kellerrohrback.com

        Cari C. Laufenberg (*pro hac vice* to follow)
        Derek W. Loeser (*pro hac vice* to follow)
        1201 Third Avenue, Suite 3400
        Seattle, WA 98101-3052
        (206) 623-1900; Fax (206) 623-3384
        Email: claufenberg@kellerrohrback.com
           dloeser@kellerrohrback.com

      *Attorneys for Plaintiffs*